554 So.2d 1124 (1986)
David RANDLE
v.
STATE.[*]
5 Div. 932.
Court of Criminal Appeals of Alabama.
May 27, 1986.
Rehearing Granted in part, Denied in part August 12, 1986.
*1125 G. Houston Howard II of Howard, Dunn, Howard & Howard, Wetumpka, for appellant.
Charles A. Graddick, Atty. Gen., and Robert B. Rinehart, Asst. Atty. Gen., for appellee.
LEIGH M. CLARK, Retired Circuit Judge.
This appellant was found guilty by a jury on a trial on an indictment that alleged in pertinent part the following:
"David Randle, ..., having been convicted of a felony, to-wit: Receiving Stolen Property, did escape, or attempt to escape from custody imposed pursuant to that conviction from a penal facility, to-wit: J.F. Ingram State Technical School, in violation of Section 13A-10-31 of the Code of Alabama,...."
According to the undisputed evidence in the case as shown by testimony of witnesses for the State, the defendant was an inmate in the Alabama prison system on September 29, 1983, serving a sentence for receiving stolen property, and was at that time assigned to Staton Correctional Facility. We now quote from "STATEMENT OF THE FACTS" contained in the brief of counsel for appellant:
"Walter Craft, an employee of the department of corrections, testified that on September 29, 1983, he was assigned to the J.F. Ingram Trade School. (R. 11-12). A roll call conducted shortly thereafter revealed that the defendant was missing. (R. 17). The defendant was captured a short time later. (R. 21).
"Mr. Craft testified that inmates are not housed overnight at J.F. Ingram, but are brought there on a daily basis to learn trades:

*1126 "G. Houston Howard II questioning Walter Craft:

"Q. Is J.F. Ingram State Technical School a place where inmates are kept overnight?
"A. No, sir.
"Q. Are they brought there just on a daily basis?
"A. Yes, sir.
"Q. Whyhow far is J.F. Ingram State Technical School from Staton?
"A. I would say approximately five miles.
"....
"Q. What sort of things go on at J.F. Ingram State Technical School?
"A. That is a State Technical School. Like I said, they have several shops there and instructors teaching inmates trades."
Eight issues are presented in brief of counsel for appellant, which we will quote and consider in the order of their presentation and argument in brief of counsel for appellant.

I.
"DID THE COURT ERR IN DENYING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL BASED ON THE GROUND THAT THERE WAS A VARIANCE BETWEEN THE INDICTMENT AND THE PROOF."
Appellant's attorney argues first that J.F. Ingram State Technical School is not a penal facility. We think that appellant's attorney makes a good argument in support of the proposition stated. Nevertheless, we are not persuaded that such characterization in the indictment of J.F. Ingram State Technical School constitutes a material allegation of the complaint. As reminded by Judge Tyson in Black v. State, 401 So.2d 320, 321 (Ala.Cr.App.1981), it was held in Summers v. State, 348 So.2d 1126 (Ala.Cr.App.), cert. denied, 348 So.2d 1136 (Ala.1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773 (1978), that the following is sufficient "as to the due process requirements for a sufficient indictment":
"An indictment should be specific in its nature in four prime aspects to insure this guaranty: (a) to identify the accusation lest the accused should be tried for an offense different from that intended by the grand jury; (b) to enable the defendant to prepare for his defense; (c) that the judgment may inure to his subsequent protection and foreclose the possibility of being twice put in jeopardy for the same offense, and (d) to enable the Court, after conviction, to pronounce judgment on the record."
By the second part of the argument of counsel for appellant, he contends that "Defendant was in the custody of Staton Correctional Facility, not J.F. Ingram State Technical School at the time of the alleged escape." Even though there is some merit also in the second contention of appellant's attorney, we are not persuaded that there was a fatal variance between the indictment and the evidence. The undisputed evidence shows that the conduct of the defendant that constituted the alleged escape or attempt to escape from custody occurred at J.F. Ingram State Technical School. The averment of the name of the place of the escape or attempted escape as J.F. Ingram State Technical School served no good purpose other than to inform defendant, as it did and should have done, of the location of the alleged escape or attempt to escape.

II.
The next issue presented by appellant is thus captioned in brief of his counsel:
"THE COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS BASED ON VIOLATION OF SECTIONS 15-9-82 TO 15-9-84 OF THE ALABAMA CODE."
The sections of the Alabama Code cited in said caption are now found in Volume 12A (1982 Replacement Volume) in the identical language contained in Code of Alabama 1975, §§ 15-9-82 to 84, as well as in the 1981 Cum.Supp. thereof. Counsel for appellant argues that "This court's construction of sections 15-9-82 to 15-9-84 advanced in Morning v. State, 416 So.2d *1127 780 (Ala.Crim.App.1982), ignores the plain language of section 15-9-82." The position taken by appellant's attorney, that "The decision in Morning should be overruled, and this action should be reversed for a hearing on defendant's motion to dismiss" is not well taken. We continue to hold as we did in Morning v. State, supra, as follows:
"... The sections of the Code relied upon by appellant constitute a codification of Acts 1978, No. 590, §§ 3 and 5. Acts 1978, No. 590, is the Uniform Mandatory Disposition of Detainers Act, and it relates exclusively to problems pertaining to interstate extradition. The sections of the Code relied upon are utterly irrelevant to a prisoner in Alabama unless a territory or state of the United States other than Alabama has lodged in Alabama a detainer against the prisoner. There is nothing in the record proper or the transcript to the effect that defendant has been charged with a crime in any other jurisdiction or that a detainer from any other jurisdiction has been lodged against him. The inapplicability of the statutory law relied upon by appellant is explained in McAlpin v. State, Ala.Cr.App., 397 So.2d 209, 210 (1981), cert. denied, 397 So.2d 211."

III.
The third issue presented in brief of counsel for appellant is thus captioned:
"THE COURT ERRED IN PERMITTING BETTY TAYLOR TO TESTIFY FROM DEFENDANT'S ALLEGED INMATE RECORDS."
The issue is directed at the following part of the testimony of Ms. Betty Taylor, Director of Inmate Records with the Department of Corrections and custodian of such records, which included a file on David Wayne Randle, while testifying on direct examination by the State:
"Q. I ask you to look into that file and tell me whether or not David Randle was an inmate in the Alabama prison system on September 29, 1983?
"MR. HOWARD: Your Honor, we object. That's not the best evidence. It has not been shown that it was the regular course of business to keep this and that it was kept in the regular course of business.
"THE COURT: Overrule objection. Let's proceed.
"Q. On September 29, 1983?
"A. Yes, sir, he was.
"Q. Okay. What sentence was he serving? What was the charge?
"MR. HOWARD: We object to that, Your Honor. That's not the way to prove a conviction. That's not the best evidence.
"THE COURT: She can testify whether or not he was serving at that time.
"MR. HOWARD: You overrule the objection?
"THE COURT: I didn't say that. I said the best evidence is what he was convicted of. You asked that [sic] that was not the best evidence.
"MR. HOWARD: Yes, that question
"THE COURT: If she had a record, she can testify from the record.
"MR. HOWARD: So you overrule the objection?
"THE COURT: Yes, I do.
"MR. HOWARD: Okay.
"Q. According to your records, was David Randle an inmate on September 29, 1983?
"MR. HOWARD: We renew the objection.
"THE COURT: Overrule the objection.
"A. Yes, sir.
"Q. And according to your records what was he serving
"MR. HOWARD: We renew the objection.
"THE COURT: I overrule the objection.
"A. He was serving a 15-year term for receiving stolen property.
"Q. What county was that?
"A. Jefferson County."
In support of the issue now under consideration, counsel for appellant quotes Section 12-21-43 of the Alabama Code as follows:
"Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any *1128 act, transaction, occurrence or event, shall be admissible in evidence in proof of said act, transaction or event if it was made in the regular course of any business and it was the regular course of the business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term, `business' shall include a business, profession, occupation and calling of every kind."
The astute, capable counsel for David Randle on the trial and on appeal was correct in calling to the attention of the trial court that the witness Ms. Taylor had not testified that "it was the regular course of the business" of the Alabama Department of Corrections "to make such memorandum or record" of "whether or not David Randle was an inmate in the Alabama Prison System on September 29, 1983," as provided by Section 12-21-43 of the Alabama Code. Nevertheless, we think we can take judicial knowledge of the fact that "it was the regular course of the business" of the Alabama Department of Corrections "to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter." Although the conjunctive requirement relied upon by appellant's counsel is applicable to many businesses, the particular requirement of the statute is tautological when applied to such businesses as that of the Alabama Department of Corrections.

IV.
The fourth issue presented by appellant is thus stated in brief of counsel for appellant:
"THE COURT ERRED IN PERMITTING MS. BETTY TAYLOR TO TESTIFY THE DEFENDANT WAS SERVING A 15-YEAR TERM FOR RECEIVING STOLEN PROPERTY."
This particular issue is expressly directed in brief of counsel for appellant at the ruling of the trial court during the direct examination of Ms. Betty Taylor as a witness called by the State:
"Q. Okay. What sentence was he serving? What was the charge?
"MR. HOWARD: We object to that, Your Honor. That's not the way to prove a conviction. That's not the best evidence.
"....
"MR. HOWARD: So you overrule the objection?
"THE COURT: Yes, I do.
"MR. HOWARD: Okay.
"Q. According to your records, was David Randle an inmate on September 29, 1983?
"MR. HOWARD: We renew the objection.
"THE COURT: Overrule the objection.
"A. Yes, sir.
"Q. And according to your records what was he serving
"MR. HOWARD: We renew the objection.
"THE COURT: I overrule objection.
"A. He was serving a 15-year term for receiving stolen property."
Whether this particular ruling of the trial court constituted reversible error is affected by the ruling complained of by appellant in the next issue presented in brief of counsel, which we now quote and discuss.

V. VI. VII.
This issue is captioned in brief of counsel for appellant as follows:
"THE COURT ERRED IN ADMITTING STATE'S EXHIBIT ONE, WHICH WAS A TRIAL DOCKET SHEET FROM JEFFERSON COUNTY."
As the essence of the argument of appellant's counsel in support of this particular issue is inextricably linked with the essence of the argument of appellant's counsel under the caption of each of Issue VI and Issue VII, we will now direct attention to the position taken by appellant as to each and all of the three issues.
*1129 Both parties on appeal recognize that a proper decision of the three issues involved turns on the validity and applicability of Act No. 1037, Acts of Ala. 1971, p. 1847, approved September 7, 1971, which provides that in Jefferson County the orders entered by the circuit judges on what were then commonly called trial sheets, "shall have the same force and effect as Minutes of the Circuit Courts...." Counsel for both of the parties on appeal cite a number of cases which they contend support their respective position as to these issues. We do not find it necessary to discuss all of such cases, some of which are to be distinguished from the instant case, as we deem that what was held in Thomas v. State, 395 So.2d 1105, 1108 (Ala.Cr.App. 1981), is dispositive of the issues now under consideration. We quote therefrom as follows:
"We find that Act No. 1037, Acts of Ala. 1971, p. 1847, approved September 7, 1971, provides that in Jefferson County the orders entered by the Circuit Judge on what were then commonly called trial sheets, `shall have the same force and effect as Minutes of the Circuit Courts...' Act No. 1037 is a general act of local application applying to all counties having a population of 500,000 or more. It was enacted prior to the decision in Peddycoart v. City of Birmingham, Ala., 354 So.2d 808 (1978), and therefore is a valid statute."
We determine appellant's Issues VI, VII and VIII adversely to appellant.

IX.
By the final issue presented in brief of counsel for appellant, the contention is made that the sentence in the case now on appeal "constitutes cruel and unusual punishment." Counsel for appellant relies upon the case of Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), in which the first sentence in the five-to-four majority opinion is, "The issue presented is whether the Eighth Amendment proscribes a life sentence without possible parole for a seventh nonviolent felony." The particular issue is not well taken, as the instant case is clearly distinguishable from Solem v. Helm as to the extent of punishment, in that the punishment imposed upon this appellant was not to imprisonment for life without parole.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur, with BOWEN, P.J., concurring in result only.

ON APPLICATION FOR REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
In the brief of counsel for appellant in support of appellant's application for rehearing further argument is made as to each of the contentions made on original submission with a citation to some authorities which appellant's counsel urges are contrary to what was held in our opinion on original submission. We have considered the authorities cited by appellant's counsel and are convinced that our opinion on original submission was not in conflict with any of them.
In addition to the contentions made by counsel for appellant on original submission, appellant's counsel now contends as follows:
"THE COURT OF CRIMINAL APPEALS ERRED IN HOLDING THAT STATE'S EXHIBITS A-D WERE PROPERLY ADMITTED IN EVIDENCE AT THE SENTENCING HEARING."
"In his original brief the defendant contended that the trial court erred in admitting exhibits A-D in evidence at the sentencing hearing. The court did not address these issues in its written opinion. Consequently, the defendant adopts herein and incorporates by reference section VIII (pages 30-34) of *1130 his original brief. Additionally, exhibits C and D were not authenticated as required by the decision in McBride v. State, 480 So.2d 619, 620 (Ala.Crim. App.1985)."
The writer of this opinion now notes that he, as the writer of the opinion on original submission regrets that he overlooked a contention made by appellant's counsel, which is designated in the brief of counsel for appellant as Issue VIII, and that there is no reference in the opinion on original submission to appellant's Issue VIII. As to subdivisions A and B of appellant's Issue VIII, the same contentions were made by appellant's counsel that were made in other parts of the brief of counsel for appellant, which were determined adversely to appellant. Nevertheless, the particular contention of appellant's attorney that the writer overlooked pertained to State's Exhibits C and D and was directed solely at the action of the trial court in admitting said exhibits on the sentencing hearing. We now quote the overlooked part of brief of counsel for appellant on original submission:
"Exhibit C was a document from Kenton County, Kentucky, in case number 17863. It was certified by Thelma Young, deputy clerk. (C.R. 61-63).
"State's exhibit D was a document from the United States District Court for the Middle District of Georgia in case number 78-47. It was certified by Helen G. Leslie, deputy clerk. (C.R. 64-72).
"Section 12-21-70 of the Alabama Code provides in part,
"`The record and judicial proceedings of the courts of any state or territory or of any such country shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there is a seal, together with a certificate of the judge, chief justice or presiding magistrate that the said attestation is in due form.
(Emphasis added).'
"Neither exhibit C nor exhibit D was certified by the clerk as is required by section 12-21-70; both documents were certified by deputy clerks. Further, neither exhibit C nor exhibit D contains `a certificate of the judge, chief justice or presiding magistrate that the said attestation is in due form,' as is required by section 12-21-70.
"In Warren v. Peppers, 31 Ala.App. [394] 395, 17 So.2d 585 (1944), the court held,
"`Further, there is no certificate of the presiding judge of said court that the said attestation by the Clerk was in due form. So it must be conceded that said judgment was not authenticated either as required by the laws of this State or by the Act of Congress.'
"31 Ala.App. at 399 [17 So.2d 585]; accord, Phillips v. State, [462 So.2d 981] 6 Div. 96 (Ala.Cr.App. August 14, 1984).
"In the absence of the original judgment roll or minute entry, `the best evidence of its contents is a certified copy thereof as permitted by statute....' C. Gamble, McElroy's Alabama Evidence, section 229.02(3), at 487 (1977); see Highsmith v. State, 55 Ala.App. 272, 314 So.2d 874 (Crim.App.1975) (`The proper method of proving the prior conviction is ... by a certified copy of the minute entry.') Defendant properly objected to the improperly certified documents on the ground that `[t]hey are not the best evidence.' (R. 36). See Goodwin v. State, 46 Ala. App. 149, 239 So.2d 221 (Crim.App.1970). Consequently, this action should be remanded for resentencing."
It is now our opinion that the trial court was in error in admitting at the sentencing hearing State's Exhibit C and D, separately and severally, and that this case should be remanded to the trial court for resentencing.
OPINION MODIFIED AND EXTENDED; APPLICATION FOR REHEARING OVERRULED AS TO JUDGMENT OF CONVICTION BUT GRANTED AS TO JUDGMENT OF SENTENCE AND REMANDED TO THE TRIAL COURT FOR RESENTENCING.
All the Judges concur.
NOTES
[*] Editor's Note: This opinion was originally published at 510 So.2d 837. It is published here as corrected.