SAM W. TAYLOR, Judge.
The appellant in this case was convicted of this offense in 1981. The case was reversed because of unresponsive testimony by a police witness bearing on the appellant’s right to remain silent. He was again convicted and sentenced to twenty-five years’ imprisonment for robbery in the first degree. He appeals.
The jury found that the appellant approached a woman in a grocery store parking lot, demanded her pocketbook and then shot her in the jaw. She got out of the car and the appellant shot at her again and missed. She positively identified the appellant as the robber. His defense of alibi was rejected by the jury.
I
Appellant first contends that the court erred in not granting him a pretrial hearing on his motion to suppress a photographic identification. The court never ruled on this motion. The United States Supreme Court has held as recently as 1981 that such a pretrial hearing is not mandatory to the preservation of the defendant’s constitutional rights. Watkins v. Sowders, 449 U.S. 341, 101 S.Ct. 654, 66 L.Ed.2d 549.
On the motion itself, it is apparent from the record that the police took elaborate precautions to see that the photographic display was free from influence or suggestiveness. Further, the victim made a positive in-court identification of the appellant, whom she had had ample opportunity to observe.
Both defense counsel and the court referred in the record to what was done “last time”. They refer to a previous trial of this same case in which these same facts and issues had been presented. The photographic display and testimony regarding it came as no surprise to the appellant. The fact that a case has been tried before, and a transcript of the proceedings made available may be taken into consideration in determining whether the substantial rights of a defendant have been violated. In this case, we find that the court did not err in not holding the pretrial hearing.
II
Appellant next contends that the conduct of the trial judge impaired his right to a fair trial. The conduct complained of consisted of statements by the court. Two remarks consisted of little more than expressions of surprise, one regarding the existence of a little known geographical feature and the other regarding a fine distinction in hairstyles. Another was precipitated by defense counsel’s misstatement of the testimony of a witness as to how many weeks she had stayed in the hospital after being shot by the appellant. Another remark occurred during a voir dire examination out of the presence of the jury. There again, the court pointed out that the pre- *16 ceeding question of defense counsel misstated earlier testimony, thereby assuming a fact not in evidence.
The remark complained of at transcript page 66 came about while the prosecutor, Mr. Hargett, was asking a series of questions of Sgt. Waltman, the photographer. The defense counsel, Mr. Brown, stated:
“Judge, I’m sorry. I’m a little confused by the questions here. If he could repeat those?
“THE COURT: I don’t mind him repeating them, but I’ll tell you what he asked him. He asked him were the pictures taken of the individual with caps on or off.
“Am I correct?
“MR. BROWN: And the response was?
“THE COURT: And your response was that they were with the caps off, am I correct?
“WITNESS: Yes, sir.”
The so-called “remarks” of the judge were in no way “suggestive of guilt” and were, in fact, appropriate. We do not perceive this as “participation in the trial” by the judge as claimed by counsel.
We have considered the other issues raised by the appellant and find them without merit.
For the reasons stated above, this cause should be and hereby is affirmed.
AFFIRMED.
All the Judges concur.