PATTERSON, Presiding Judge.
The appellant, Ronnie Earl Peoples, was convicted after a jury trial of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975, and was sentenced as a habitual offender to life in prison without the possibility of parole. He raises several issues regarding the State’s proof of his prior felony convictions at the sentencing hearing.
I
The appellant contends that the State’s evidence of his prior convictions did not reflect that at the time of his prior convictions he had counsel or that he had waived his right to counsel. His contention is correct; however, he failed to object on this ground at trial and his argument is therefore procedurally barred. Sankey v. State, 568 So.2d 366 (Ala.Cr.App.1990).
II
The appellant argues that the State’s notice of intent to proceed under the Habitual Felony Offender Act was insufficient because of a discrepancy in the case numbers of his aggravated robbery convictions. The notice read in pertinent part as follows: “8882 Two Counts Agg. Robb. Richland Co., Ohio 12-1-75 — 4 years to 25 Yrs. CC with 8749.” The correct case number should have been “8880.” Because the notice of the prior convictions was so detailed, the appellant had sufficient notice of the convictions upon which the State would rely, and he was therefore not prejudiced by the discrepancy in case numbers. Thus, this argument is without merit.
III
The appellant argues that the exemplification for the prior convictions does not meet the requirements of § 12-21-70, Code of Alabama 1975, because the day was omitted from the date on the “Certificate of Clerk as to Judge.” While the omission does not per se violate § 12-21-70, the exemplification is nonetheless incomplete.
*99 Therefore, this case is remanded with directions to the trial court to conduct a new sentencing hearing, at which the State shall provide a complete exemplification for the Ohio convictions upon which it relies. The trial court shall take necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 60 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court. The parties, of course, have not relinquished their respective positions regarding the other issues raised on appeal, and this Court reserves comment on those issues until the trial court complies with the directions contained herein and until a proper return is made to this Court.
REMANDED WITH DIRECTIONS.
All Judges concur.