The appellant, Nathaniel Paul Allen, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. The appellant was sentenced to life imprisonment without parole pursuant to the Habitual Felony Offender Act.
The appellant presents five issues for review.
 I
The appellant first contends that the circuit court erred in denying his motion for a judgment of acquittal at the close of the state's evidence. The appellant asserts that the state failed to present a prima facie case of murder.
To be guilty of murder under § 13A-6-2, Code of Alabama 1975, one must intend "to cause the death of another person" and "[cause] the death of that person or of another person." *Page 1154 
The state's evidence tended to show that the appellant shot and killed James Ayers on September 27, 1990. Ayers was talking to Carolyn Middlebrooks at her car in the parking lot of an apartment complex in Birmingham, Alabama, when the appellant approached the front of the car. Ayers walked toward the appellant, and the appellant pointed a .9 mm pistol at him and fired several times. Ayers ran behind the car and then into a field adjacent to the apartment complex. When the police arrived, Ayers's body was lying in the field. The cause of death was a bullet wound to his heart.
Both Carolyn Middlebrooks and Derrick McDonald, eyewitnesses to the shooting, identified a person they knew as "Butch" as the person who shot Ayers. Both Middlebrooks and McDonald identified the appellant as the person they knew as "Butch" and as the person who shot Ayers. When Ayers was running from the appellant, he also identified the person as "Butch."
On the night of the shooting, Middlebrooks and McDonald told an investigating officer that someone who they knew as "Butch" had shot Ayers. Later, they both identified the appellant as Butch from a photograph.
"This Court, in determining whether the State proved its prima facie case, is required to view the evidence in a light most favorable to the State and cannot substitute its judgment for that of the jury." Marks v. State, 581 So.2d 1182, 1186
(Ala.Cr.App. 1990). Based on the facts above, we hold that the circuit court did not err in denying the appellant's motion for a judgment of acquittal. There was sufficient evidence presented for the jury to find the appellant guilty of murder.
 II
The appellant next contends that the circuit court erred in receiving into evidence a written immunity agreement concerning a state's witness, Derrick McDonald. McDonald did not appear in court to honor his subpoena. When he was found, he was brought to court and he stated that the appellant had threatened him and had given him an ounce of cocaine not to testify. The appellant also had offered him $5,000 to persuade Carolyn Middlebrooks not to testify.
McDonald entered into an agreement with the state that he would testify in return for being charged only with possession of cocaine instead of a greater offense. Also, it was agreed that his testimony at the appellant's trial would not be used against him in the prosecution of the possession charge.
During the trial, both the appellant and the state referred to the immunity agreement and questioned McDonald extensively about it. The appellant's argument is not that the jury should not have known of the agreement but that the jury should not have been allowed to see the complete written agreement. The court instructed the jury that it was "not to use that agreement on the facts of it being true, but only for the purpose of assessing the believability or the credibility that you give to Derrick McDonald."
"The bias of a state's witness in favor of the state or against the accused may be shown by evidence of statements, acts, relationships or charges of crime that would reasonably give rise to an inference that the witness is biased." C. Gamble, McElroy's Alabama Evidence § 149.01(10) (4th ed. 1991). This court has held that in using a plea agreement to show bias, "the full terms of [the] agreement must be allowed to be placed before the jury in passing upon the credibility" of the witnesses. Dawkins v. State, 494 So.2d 940, 943
(Ala.Cr.App. 1986). Therefore, the circuit court correctly received the immunity agreement into evidence in this case.
 III
The appellant next argues that the circuit court erred in receiving testimony regarding the appellant's attempt to suppress evidence. Specifically, he contends that it was error to receive evidence of collateral offenses not charged in the indictment. Derrick McDonald testified that the appellant threatened him; that he *Page 1155 
gave him an ounce of cocaine not to testify; and that the appellant offered him $5,000 to persuade another witness not to testify. These collateral offenses related to the appellant's attempts to suppress evidence of his guilt in this case. They are admissible against him as evidence of guilt in this case.See C. Gamble, McElroy's Alabama Evidence § 190.02 (4th ed. 1991).
"Any act proving or tending to prove the accused's effort or desire to obliterate, destroy, or suppress evidence of a crime is relevant and admissible even if it involves evidence of a separate offense." Beaver v. State, 455 So.2d 253, 257
(Ala.Cr.App. 1984). Thus, evidence of the appellant's threats and attempted bribery were correctly received into evidence.
 IV
The appellant argues that he did not receive a fair trial because of the cumulative effect of allegedly prejudicial statements made by the prosecution in closing argument. This court must look at each statement individually to determine whether it created reversible error. We cannot base a decision on the "cumulative effect" of the statements. Thomas v. State,393 So.2d 504 (Ala.Cr.App. 1981).
The appellant has not provided us with the entire record of the prosecution's closing argument to which the appellant objects. We review the argument as a whole to determine if any part is prejudicial and violative of the appellant's rights. "It is the appellant's duty . . . to make a correct and complete record on appeal." Holder v. State, 584 So.2d 872, 875
(Ala.Cr.App. 1991). Without any record of the closing argument, we cannot conclude that error was committed.
Furthermore, as this court stated in Johnson v. State,541 So.2d 1112, 1118 (Ala.Cr.App. 1989), "In argument to the jury, counsel may not state facts not in evidence, but may state or comment on reasonable inferences from the evidence and may draw conclusions from the evidence based on his own reasoning.Twilley v. State, 472 So.2d 1130, 1139 (Ala.Cr.App. 1985)."
 "Questions of the propriety of argument of counsel are largely within the trial court's discretion, McCullough v. State, 357 So.2d 397, 399
(Ala.Cr.App. 1978), and that court is given broad discretion in determining what is permissible argument. Hurst v. State, 397 So.2d 203, 208
(Ala.Cr.App.), cert. denied, 397 So.2d 208
(Ala. 1981). Moreover, this Court has stated that it will not reverse unless there has been an abuse of that discretion. Miller v. State, 431 So.2d 586, 591 (Ala.Cr.App. 1983)."
Bankhead v. State, 585 So.2d 97, 105 (Ala.Cr.App. 1989).
The United States Supreme Court has established the following standard: "[F]or a prosecutor's comments made during argument before the jury to require a new trial, the entire trial must have been so infected with unfairness as a result of these comments that the appellant was denied due process." Darden v.Wainwright, 477 U.S. 168, 181-84, 106 S.Ct. 2464, 2472,91 L.Ed.2d 144 (1986).
The appellant presents eight specific remarks that he contends were prejudicial to him. We have reviewed those remarks and conclude that none of them affected the outcome of the entire proceedings. Moreover, the court instructed the jury in its oral charge that the lawyers' statements in closing arguments were not evidence.
No reversible error occurred here.
 V
The appellant was sentenced to life imprisonment without parole pursuant to the Habitual Felony Offender Act. The appellant argues that his prior convictions from the State of Texas were not correctly certified.
 "The proper mode of proving prior felony convictions which occur in a sister state is set forth in § 12-21-70, which states in pertinent part:
 " 'The record and judicial proceedings of the courts of any state or territory or of any such country shall be proved or admitted in any other court within the United States by the attestation of *Page 1156 
the clerk and the seal of the court annexed, if there is a seal, together with a certificate of the judge, chief justice or presiding magistrate that the said attestation is in due form. . . .' "
McBride v. State, 480 So.2d 619, 620 (Ala.Cr.App. 1985).
Prior felony convictions may be proven according to §12-21-70 and Rule 44, A.R.Civ.P. In Ervin v. State, [Ms. 91-186, March 13, 1992] ___ So.2d ___ (Ala.Cr.App. 1992), this court recently held:
"In civil proceedings, § 12-21-70 has been superseded by Rule 44(a)(1), A.R.Civ.P., which provides:
 " 'An official record kept within the United States, or any state . . . thereof . . . when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by a person purporting to be the officer having the legal custody of the record, or his deputy. If the official record is kept without the state, the copy shall be accompanied by a certificate under oath of such person that he is the legal custodian of such record and that the laws of the state require the record to be kept.' "
The record clerk of the Texas Department of Criminal Justice — Institutional Division, S.O. Woods, Jr., had legal custody of the original files and records of the appellant's three prior Texas convictions in his office in Walker County, Texas. He attested that the copies of the records of the convictions were the same as the originals. The seal of the Texas Department of Corrections was imprinted next to his signature.
The presiding judge of the Walker County, Texas, Court, Frank J. Robinson, certified that Woods was the record clerk who had legal custody of the original records of the Texas Department of Criminal Justice — Institutional Division. He also certified that the certificates were in "due form" and that Woods's signature was genuine.
The state proved the appellant's three prior Texas convictions. The appellant was correctly sentenced as a habitual felony offender.
For the reasons stated above, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.