ON RETURN TO REMAND
PATTERSON, Presiding Judge.
On July 24, 1992, we remanded this cause to the trial court with instructions for that court to conduct a new sentencing hearing, at which the state would be allowed to provide, if it could, a complete exemplification of the documents purporting to show the Ohio felony convictions upon which the trial court relied in sentencing the appellant, Ronnie Earl Peoples, as a habitual offender to life imprisonment without the possibility of parole. 615 So.2d 97. We found, on original submission, that the day had been omitted from the date on the “Certificate of Clerk as to Judge” on the documents upon which the state relied to prove the Ohio convictions. We reserved comment on other issues until the trial court complied with our instructions and duly filed a return.
The trial court has complied with our remand request and has filed a return. The return shows that the state supplied the missing information on the certificate of the clerk, and that the trial court then resentenced the appellant to life imprison *100 ment without the possibility of parole pursuant to the Habitual Felony Offender Act. Ala.Code 1975, § 13A-5-9(c)(3). We find that the sentence was proper. The appellant was convicted in the instant case of a Class A felony (robbery in the first degree, § 13A-8-41, after having been convicted of three prior felony convictions.
On April 13,1992, the appellant’s counsel on appeal filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he stated that he found no error in the record of the trial that he, as counsel, could in good faith and conscience advance in his client’s behalf. On May 8, 1992, he filed an amended brief, raising the issue of the incomplete exemplification of the documents purporting to show the Ohio convictions, which we have addressed above.
Following the requirements of Anders, we have reviewed the entire record of the trial and the proceedings below, and we find no legal issue arguable on its merits other than the one referred to above, which has been resolved. We conclude that the appeal as it now stands is wholly frivolous. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400. Accordingly, the conviction of the appellant for the offense of robbery in the first degree and his sentence to life imprisonment without the possibility of parole are due to be, and they are hereby, affirmed.
AFFIRMED.
All Judges concur.