TAYLOR, Judge.
The appellant, Rodrick Hall, was convicted of trafficking in cocaine, in violation of § 13A-12-231, Code of Alabama 1975. He was sentenced to 20 years in the penitentiary.
I
The appellant initially contends that the trial court erred in refusing to allow him to use a prior conviction to impeach one of his codefendants. Specifically, he contends that the codefendant had prior convictions in the state of Georgia for a crime involving moral turpitude and that evidence of those convictions, therefore, was admissible for purposes of impeachment. C. Gamble, McElroy’s Alabama Evidence, § 145.01(7) (4th ed. 1991).
There was some confusion in the record concerning what prior convictions the code-fendant had in the state of Georgia. The record reflects that defense counsel initially stated that the witness had two prior convictions in Georgia for possession of cocaine. The Georgia Code prohibiting this offense reads: “[I]t is unlawful for any person to purchase, possess, or have under his control any controlled substance.” Ga.Code Ann. § 16-13-30(a) (Michie 1992). The trial court held that this was not a crime involving moral turpitude and disallowed the introduction of evidence concerning it for purposes of impeaching the witness.
Initially, we must determine whether possessing cocaine is a crime involving moral turpitude under Alabama law. Carreker v. State, 661 So.2d 784 (Ala.Cr.App.1994). When does a crime involve “moral turpitude”? Moral turpitude was defined in Nelson v. State, 35 Ala.App. 179, 44 So.2d 802 (1950). The court defined moral turpitude as follows:
“ ‘Anything done contrary to justices, honesty, principle, or good morals; an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or to society in general, contrary to the accepted and customary.’ Moral turpitude implies something immoral in itself regardless of the fact whether it is punishable by law. The doing of the act and not its prohibition by statute fixes the turpitude. Pippin v. State, 197 Ala. 613, 73 So. 340 [1916]; Gillman v. State, 165 Ala. 135, 51 So. 722 [1910].
“If a conviction was for an offense involving moral turpitude, it may be shown to affect the credibility of a witness, regardless of whether it be a felony, or a misdemeanor. Hutchens v. State, 207 Ala. 126, 92 So. 409 [1922].”
35 Ala.App. at 182, 44 So.2d at 805.
The courts of this state have never had occasion to address directly the question *639 whether possession of cocaine is a crime involving moral turpitude. Harrell v. State, 555 So.2d 257 (Ala.Cr.App.), aff'd, 555 So.2d 263 (Ala.1989). However, in Ex parte McIntosh, 443 So.2d 1283 (Ala.1983), the Alabama Supreme Court held that possession of marijuana is not a crime involving moral turpitude. We consider ourselves bound to apply the reasoning of the Alabama Supreme Court in McIntosh; it is our duty to conform our holdings to those of the Supreme Court. The Alabama Supreme Court stated in McIntosh:
“[W]e cannot hold that the mere possession of marijuana is a crime involving moral turpitude, even though it is classified as a felony. In so holding, we draw a distinction between possession for personal use and possession for resale to others. We cannot see how felony possession for personal use differs from misdemeanor possession for personal use as an indicium of a witness’s future trustworthiness. The legislative choice to punish subsequent personal possessory offenses, crimes mala prohibita in nature, more severely than the initial possessory offense, does not, by itself, change the character of the offense as it relates to moral turpitude. Possession for resale, however, takes on an entirely different character, one which does involve moral turpitude. Gholston v. State, [338 So.2d 454 (Ala.Cr.App.1976)].
“Trafficking in and encouraging others to utilize a controlled substance, such as marijuana, indicates far greater untrust-worthiness and depravity of character than personal consumption of a controlled substance. One could logically assume that, because of the illegal nature of trafficking itself, a person would likely lie and operate covertly in order to engage in such selling. On the other hand, personal consumption is likely achieved without such conduct.”
443 So.2d at 1286.
From the above statement, it appears that the Alabama Supreme Court based its decision in McIntosh on the fact that possession of marijuana is a personal offense that does not involve others as the crime of distributing marijuana would. The crime of possession of cocaine is the same in that respect. Consequently, we hold that the trial court did not err in refusing to allow defense counsel to impeach the appellant’s codefendant using a prior conviction for possession of cocaine. We would invite clarification of this issue by our Supreme Court in the event this case comes to them.
The appellant contends in his brief that one of the witness’s prior convictions in Georgia was for possession of cocaine with intent to distribute. (This offense is defined in Ga.Code Ann. § 16-13-30(b) (Michie 1992); possession of a controlled substance and possession with intent to distribute are two distinct crimes in Georgia.) There was some discussion of this in the record. However, the court specifically noted that if the testimony revealed that any of the witness’s prior convictions was for distribution, the court would reconsider its ruling. The court was well acquainted with the fact that in Alabama evidence of a prior conviction for distributing a controlled substance is admissible for purposes of impeaching a witness. Gholston v. State, 338 So.2d 454 (Ala.Cr.App.1976). It is clear from the transcript that the court would not allow the witness to be impeached with a prior conviction for possession of cocaine. There was no further mention of the fact that one of the prior convictions could or might have been for distributing a controlled substance. Based on the record before us, we hold that the court did not err in refusing to allow the appellant to use the prior conviction for impeachment purposes.
II
The appellant further contends that the court erred in allowing two police officers to testify as to the market value of cocaine because their testimony had no probative value and was highly prejudicial.
As Judge Bowen stated in Donahoo v. State, 505 So.2d 1067 (Ala.Cr.App.1986):
“The trial court did not err in overruling the defendant’s objection to A.B.I. agent Carter D. Waldon’s testimony that, in his opinion, each marijuana plant had a market value of $500 to $600. Ringer v. State, 489 So.2d 646 (Ala.Cr.App.1986). Waldon testified that he had been a narcotics investigator for fifteen years, had seen mari *640 juana growing at all stages of development several thousand times, and had purchased marijuana in Talladega County more than twenty times within the past year.
“ ‘It is unnecessary for a witness to be an expert or a dealer in a particular article in order to testify as to that article’s value if he has had the opportunity to form a correct opinion as to its value. Sales v. State, 435 So.2d 242 (Ala.Crim.App.1983); Lankford v. State, 396 So.2d 1099 (Ala.Crim.App.1981). Whether a witness has had an opportunity to form a correct opinion as to the value of an article is a question for the trial judge, [whose decision] will not be disturbed on appeal, absent an abuse of discretion. Daniel v. State, 439 So.2d 206 (Ala.Crim.App.1983), Tice v. State, 386 So.2d 1180 (Ala.Crim.App.), writ denied, 386 So.2d 1187 (Ala.1980).’
“Ringer v. State, 489 So.2d at 653. We find no abuse of discretion here.
“The defendant also argues that Waldon’s testimony was irrelevant to the issue of guilt or innocence and tended only to show the gravity of the offense, a matter relating solely to punishment and not within the province of the jury. The evidence was relevant, however, on the issue of motive. Testimony going to show motive, though motive is not an element of the burden of proof resting on the State, is always admissible. Mayberry v. State, 419 So.2d 262, 266 (Ala.Cr.App.1982). Where the proffered evidence has a tendency, even though slight, to enlighten the jury as to the culpability of the defendant, then it is relevant and properly admissible.’ Waters v. State, 357 So.2d 368, 371 (Aa.Cr.App.), cert. denied, Ex parte Waters, 357 So.2d 373 (Ala.1978).”
505 So.2d at 1071.
The trial court did not err in allowing the two police officers to testify as to the market value of cocaine. Officer Mike Ash-worth testified that he had been a police officer for 21 years and that during that time he had conducted numerous drug investigations that had included the purchase of narcotics. Sergeant Ware testified that he had been a police officer for 15 years and that he had worked in the narcotics division of the Birmingham Police Department for about 2½ years. He testified that he had purchased drugs on numerous occasions when he was involved in drug investigations. Both officers were correctly deemed to have considerably more than average knowledge on this subject and were qualified to be treated as expert witnesses in this field. C. Gamble, McElroy’s Alabama Evidence § 127.01(5) (4th ed. 1991).
Furthermore, testimony concerning the market value of the cocaine did have probative value: it was relevant to show motive. Donahoo.

III

The appellant further asserts that the court erred in allowing the state, in closing argument, to refer to the appellant’s co-defendant, Vaughn Spencer, as a “boy” and a “foreigner.”
Initially, we note that the closing arguments were not transcribed in their entirety but only those portions containing objections were transcribed. As this court stated in Allen v. State, 611 So.2d 1152, 1155 (Ala.Cr.App.1992):
“The appellant has not provided us with the entire record of the prosecution’s closing argument to which the appellant objects. We review the argument as a whole to determine if any part is prejudicial and violative of the appellant’s rights. ‘It is the appellant’s duty ... to make a correct and complete record on appeal.’ Holder v. State, 584 So.2d 872, 875 (Ala.Cr.App.1991). Without any record of the closing argument, we cannot conclude that error was committed.”
The record does contain the following, which occurred during the prosecution’s closing argument:
“Mr. Stokesberry [prosecutor]: These people are from California. They are back in Atlanta. They’ve got a car rented in somebody else’s name over here with Georgia plates running around in Alabama with an Alabama boy selling drugs for them.
*641 “Mr. Dawson [defense counsel]: Judge, I object to him calling people ‘boy.’ That has no place here.
“Mr. Stokesberry: If they are offended they can be offended. There is nothing wrong with calling someone young a boy. I’m plenty old enough to call somebody a boy.
[[Image here]]
“The court: Overruled.
[[Image here]]
“Mr. Stokesberry: I’ll tell you why it’s serious — because you’ve got this man from California coming to our state getting one of our young men, having him sell drugs for him and poisoning our children.
“Mr. Dawson: We object. This is prejudicial. We move for mistrial.
“Mr. Stokesberry: He said it was serious, Judge.
“The Court: Overruled.”
As this court stated in Allen:
“ ‘[A]s this court stated in Johnson v. State, 541 So.2d 1112, 1118 (Ala.Cr.App.1989), ‘In argument to the jury, counsel may not state facts not in evidence, but may state or comment on reasonable inferences from the evidence and may draw conclusions from the evidence based on his own reasoning. Twilley v. State, 472 So.2d 1130,1139 (Ala.Cr.App.1985).’
“ ‘Questions of the propriety of argument of counsel are largely within the trial court’s discretion, McCullough v. State, 357 So.2d 397, 399 (Ala.Cr.App.1978), and that court is given broad discretion in determining what is permissible argument. Hurst v. State, 397 So.2d 203, 208 (Ala.Cr.App.), cert. denied, 397 So.2d 208 (Ala.1981). Moreover, this Court has stated that it will not reverse unless there has been an abuse of that discretion. Miller v. State, 431 So.2d 586, 591 (Ala.Cr.App.1983).’
“ Bankhead v. State, 585 So.2d 97, 105 (Ala.Cr.App.1989).
“The United States Supreme Court has established the following standard: ‘[F]or a prosecutor’s comments made during argument before the jury to require a new trial, the entire trial must have been so infected with unfairness as a result of these comments that the appellant was denied due process.’ Darden v. Wainwright, 477 U.S. 168, 181-183, 106 S.Ct. 2464, 2472, 91 L.Ed.2d 144 (1986).”
611 So.2d at 1155.
The above comments made by the prosecutor in the heat of battle did not so infect the proceedings with unfairness that the appellant was denied due process. Darden v. Wainwright, 477 U.S. 168,181-183,106 S.Ct. 2464, 2472, 91 L.Ed.2d 144 (1986).
IV
The appellant further contends that the court erred in denying his motion to suppress the cocaine found in the automobile because, he says, the officers did not have probable cause to search the car.
Sergeant Michael Ware testified at the suppression hearing. Ware stated that on the morning of November 23, 1992, he received information from a confidential informant that Vaughn Spencer and two black males were transporting a large quantity of cocaine in a Ford Tempo automobile. This confidential informant described the ear and gave Ware the license plate number. According to the informant, the ear had a Georgia license plate. The informant also told Ware that the men were staying at the Ranch House Motel and that he had seen them load a large quantity — several kilos of cocaine — into the trunk of the Ford Tempo. The confidential informant also told Ware that he had gone to a house located on 6th Avenue North to negotiate a purchase of some of the cocaine. The informant said that the men in the Ford Tempo brought two kilos of cocaine in brick form into the house and then returned the kilos to the Ford Tempo. Sergeant Ware stated that police set up surveillance in the area between the motel and the house. Ware also ran a check on the license plate number on the Tempo described by the informant and found that it was not registered in Georgia.
Later that day, Sergeant Ware and several other officers stopped a car matching the description given by the confidential informant and bearing the same license plate *642 number. There were four people in the ear: the appellant, Spencer, the appellant’s brother, and a female. Ware approached the driver’s side of the ear and found the appellant, Rodrick Hall, in the driver’s seat. Ware asked the driver to get out of the car and the officers searched the vehicle. A garbage bag containing cocaine was found between Vaughn Spencer’s legs. A large bag containing five smaller bags of cocaine was recovered from the trunk of the car. Also recovered from the trunk was a big white bag containing over $34,000 in cash and a pair of scales. The female occupant of the ear had $2,282 in her purse. A .22 caliber pistol was found in the armrest compartment of the driver’s door. A search of the appellant revealed $4,500 in cash in his pocket. In all, over four pounds of cocaine and in excess of $40,000 was recovered from the automobile and its occupants.
Ware further testified that he knew that the informant’s information was reliable because information previously furnished by the informant had led to six arrests; those arrests had resulted in four convictions and two of the cases were pending.
The trial court correctly allowed the cocaine recovered from the automobile to be received into evidence.
“Here, the officer had probable cause to stop and search the truck driven by the appellant based on the informant’s information. See McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). The truck was properly searched under the automobile exception to the warrant requirement. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). See also United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).”
Green v. State, 616 So.2d 389, 391-92 (Ala.Cr.App.1993). The court correctly denied the appellant’s motion to suppress.
V
Last, the appellant contends that the court’s charge on constructive possession prejudiced him. After the court gave its instructions to the jury, the appellant objected to the court’s charge on constructive possession. The court agreed with the appellant and gave a curative instruction dealing with constructive possession. After this curative instruction was given, no objection was made or further curative instructions requested by defense counsel. Nothing is preserved for this court’s review because the initial objection was sustained and no further curative instructions were requested. Lauderdale v. State, 555 So.2d 799 (Ala.Cr.App.1989).
For the foregoing reasons, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur except MONTIEL, J., who concurs in part and dissents in part with opinion.