BUTTS, Justice.
Mark William Wood was convicted of third-degree burglary and was sentenced, as a habitual offender, to 15 years’ imprisonment. On appeal, the Court of Criminal Appeals initially remanded the case for a hearing on an issue that is unrelated to this certiorari review; upon return from the remand, that court affirmed Wood’s conviction and sentence. Wood v. State, 705 So.2d 514 (Ala.Cr.App.1995). Wood petitioned this Court for certiorari review, arguing that the trial court erred when it admitted into evidence two prior felony convictions in Florida to show that Wood is a habitual offender and to enhance his sentence under Ala.Code 1975, §§ 13A-5-9 and -10.1. We granted the petition in order to review this issue in light of Sims v. State, 663 So.2d 975 (Ala.Cr.App.1994), and eases cited therein, which Woods alleges to be in conflict with the decision of the Court of Criminal Appeals in his case. Wood objected to the introduction of these documents; thus, this issue was properly presented for appellate review.
In Sims, the Court of Criminal Appeals discussed the law regarding the admissibility of a foreign conviction:
“However, the appellant’s argument concerning the improper certification of his foreign conviction does have merit. In Allen v. State, 611 So.2d 1152, 1155-56 (Ala.Cr.App.1992), this court stated:
“ ‘ “The proper mode of proving prior felony convictions which occur in a sister state is set forth in § 12-21-70, which states in pertinent part:
“ ‘ “ ‘The record and judicial proceedings of the courts of any state or territory or of any such country shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there is a seal, together with a certification of the judge, chief justice or presiding magistrate that the said attestation is in due form.’ ”
“ ‘ “McBride v. State, 480 So.2d 619, 620 (Ala.Cr.App.1985).
“ ‘ “Prior felony convictions may be proven according to § 12-21-70 and Rule 44, A.R.Civ.P. In Ervin v. State, [630 So.2d 115] (Ala.Cr.App.1992), this court recently held:
“ ‘ “In civil proceedings, § 12-21-70 has been superseded by Rule 44(a)(1), A.R.Civ.P., which provides:
“ ‘ “ ‘An official record kept within the United States, or any state ... thereof ... when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by a person purporting to be the officer having the legal custody of the record, or his deputy. If the official record is kept without the state, the copy shall be accompanied by a certificate under oath of such person that he is the legal custodian of such record and that the laws of the state require the record to be kept.’ ” ’
“[Emphasis added in Sims.]
“This court in Allen examined both § 12-21-70 and Rule 44, A.R.Civ.P., to determine whether the appellant’s prior con *519 victions were properly proven. In holding that the appellant was correctly sentenced as a habitual offender, this court stated:
“ ‘The record clerk of the Texas Department of Criminal Justice — Institutional Division, S.O. Woods, Jr., had legal custody of the original files and' records of the appellant’s three prior Texas convictions in his office in Walker County, Texas. He attested that the copies of the records of the convictions were the same as the originals. The seal of the Texas Department of Corrections was imprinted next to his signature.
“ ‘The presiding judge of the Walker County, Texas, Court, Frank J. Robinson, certified that Woods was the record clerk who had legal custody of the original records of the Texas Department of [Criminal] Justice — Institutional Division. He also certified that the certificates were in “due form” and that Woods’s signature was genuine.’ .
“Id. at 1156.
“The facts of the instant case [Rims ] are distinguishable from Allen, however, because here the State failed to comply with the requirements of either § 12-21-70 or Rule 44. Specifically, under the more rigid requirements of § 12-21-70, the State erred in submitting a prior conviction which was improperly certified by the attestation of the ‘deputy clerk.’ Additionally, the certification of conviction was not-signed by the trial judge indicating that the attestation was in due form.
“In Randle v. State, 554 So.2d 1124, 1130 (Ala.Cr.App.1986), aff'd, 554 So.2d 1131 (Ala.1987), this court held that the trial court was in error in admitting, at the sentencing hearing, documents which were certified by deputy clerks rather than clerks, as is required by § 12-21-70, Code of Alabama 1975. Further, in Randle, the documents did not contain ‘a certificate of the judge, chief justice, or presiding magistrate that the said attestation is in due form,’ as is required by § 12-21-70. See also Peoples v. State, 615 So.2d 97 (Ala.Cr.App.1992) (wherein the court in remanding the cause to the trial court because the day was omitted from the date on the ‘certificate of Clerk as to Judge’ stated: ‘while the omission does not per se violate § 12-21-70, the exemplification is nonetheless incomplete.’)
• “Under Rule 44, the appellant’s prior convictions could have been proved by a copy of the prior convictions certified by the attestation of the deputy clerk, if the State had submitted along with this copy ‘a certificate under oath of such person that he is the legal custodian of such record and that the laws of the State require the record to be kept.’ Rule 44. However, the State failed to do so. Hence, the prior convictions, under the facts of this case, were not properly proved pursuant to § 12-21-70 or Rule 44, Ala.R.Civ.P.”
663 So.2d at 981-82.
We find this summary of the law in this area to be instructive. The first conviction at issue was proven by a document from case number 76-1-113. The document is signed at the bottom by Terri Warren as deputy clerk; it is not signed by the judge of the circuit court. The second conviction was proven by a similar document in case number 75-1-93, signed by deputy clerk Terri Warren; that document, likewise, is not signed by the judge of the circuit court. Ala.Code 1975, § 12-21-70, requires that, for a document indicating the record or proceedings in the court of another state to be admissible, it must be attested to by the clerk of the court with the seal of the court annexed, if there is a seal. To “attest” is defined as “to certify to the verity of a copy of a public document formally by signature.” Black’s Law Dictionary 127 (6th ed.1990) (emphasis added). The clerk of the circuit court in Florida did not sign these documents, and they were not properly attested, as required by § 12-21-70. The lack of a signature by the circuit judge indicates that the documents were not properly exemplified and, thus, did not comply ■with § 12-21-70.
While the State admits in its brief that Sims and the cases cited therein are precedent, it argues that those precedents amount to an exaltation of form over substance because, it argues, the documents at issue in this case are self-authenticating. However, *520 we cannot tell from the face of either document what jurisdiction the document is from or the date of the convictions; nor can we tell if the two documents relate to convictions of the same person — one of them refers to “Mark William Wood” and the other refers to “William Mark Wood.” It has long been the law in Alabama that records must be attested to by the clerk with the seal of the court annexed, and this is not a rule by which form governs over substance.
Because the trial court erred in admitting at the sentencing hearing an improper certification and exemplification of Wood’s foreign convictions, this cause is remanded for the Court of Criminal Appeals to order a resen-tencing. After the resentencing, the trial court is to make a return to the Court of Criminal Appeals, which in turn shall make a return to this Court indicating the action taken.
REMANDED WITH INSTRUCTIONS.
MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
HOOPER, C. J., concurs in the result.